**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR108 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| CARLOS LOPEZ, | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 62). The Court has also received the Defendant's motion for downward departure and(Filing No. 60) and motion for downward variance (Filing No. 58). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 35, 40 and 41 of the PSR, arguing that he should not receive 5 criminal history points stemming from his prior DUI conviction described in ¶ 35. He argues that the sentence imposed by the state court for the offense set out in ¶ 35 was illegal. A criminal defendant may only collaterally attack a state court conviction in a federal sentencing proceeding where the Defendant asserts that the state court violated the constitutional right to appointed counsel. *United States v. Charles,* 389 F.3d 797 (8th Cir. 2004). There has been no showing that this Defendant's constitutional right to appointed counsel was violated. The objections are denied.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 62) are denied;

2. The Defendant's motions for downward variance and departure (Filing Nos. 58, 60) will be heard at sentencing;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 15th day of August, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge